FILED

AUG 21 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

Farzana Sheikh, MD, Pro Se

Rehan Sheikh
1219 W. El Monte Street
Stockton, California 95207
Phone: (209) 475.1263
rehansheikh@yahoo.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SAN JOAQUIN GENERAL HOSPITAL, a division of the County of San Joaquin<br><br>Petitioner,<br><br>v.<br><br>Farzana Sheikh, M.D.<br><br>Respondent | CASE NO:<br><br>2:15 - CV - 1773 TLN DAD PS<br><br>FIRST NOTICE OF REMOVAL<br><br>CIVIL RIGHTS JURISDICTION<br><br>42. U.S.C. § 1981<br><br>42. U.S.C. § 1983<br><br>28 U.S.C. § 1441 (B), 28 U.S.C. § 1443<br><br>San Joaquin County<br><br>Case NO: 39-2014-00311575 -CL-PT-STK<br><br>Related District Court Case(s);<br><br>Case NO: 2:14 – CV – 1509 MCE AC PS<br><br>Case NO: 2:10 – CV- 00213 FCD-GGH |

To the CLERK OF THE ABOVE –ENTITLED COURT;

PLEASE TAKE NOTICE THAT Respondent Farzana Sheikh, MD (referred herein as Dr. Sheikh) hereby removes the above referenced petition from County of San Joaquin Superior Court to the United States Court for the Eastern District of California based on the following facts:

Fourth Amended Notice of Removal of Petition – County of San Joaquin v. Farzana Sheikh, MD

1. On or around May 19, 2010, County of San Joaquin and San Joaquin General Hospital (County Hospital) (referred herein as Petitioners) took possession of Dr. Sheikh[1]'s cottage/Mobile Home[2],[3] that was located on the County Hospital. Several cars and trucks from the Sheriff's office arrived, and changed the locks.
   a. Since May 2010, the Petitioners, County Sheriff and/or County of San Joaquin and/or San Joaquin General Hospital have possession of that Cottage.
   b. Neither there was any Notice of hearing from the San Joaquin County Superior Court nor there was any hearing, yet the County of San Joaquin could easily manage to get a Writ of Execution and Judgment. On or around June 25, 2014, upon request, the County Counsel sent an electronic copy of the "*Issued Writ of Execution and Judgment*" dated May 2010 and stated; "*Those documents required you to vacate the County property*".
   c. In a previous Petition before this Court, the issue of eviction by the County of San Joaquin was also documented (Farzana Sheikh MD v Medical Board of California, 2:10 – CV- 00213 FCD-GGH, Docket# 45).
   d. Just before the County caused to issue the Writ for Execution for Eviction, Dr. Sheikh had submitted a Motion in this Court to Compel County of San Joaquin's compliance with the Judge's discovery orders, Docket# 33).
2. On or around February 7, 2014 the County sent a demand letter to Dr. Sheikh to authorize the County to destroy the cottage or remove the cottage by March 15, 2014.

---

[1] Dr. Sheikh completed Medical Residency training from the San Joaquin County Hospital.
[2] Doctor's Mobile Homes are referred as Cottages in the Hospital.
[3] Several Resident Physicians maintained possession of their Cottages for years after completion of their Residency training without objection from the County.

    a. The letter from the County Counsel was postmarked on Mar 19, 2014. The letter included pictures of Dr. Sheikh's damaged cottage.

    b. The letter revealed that the cottage was independently inspected by San Joaquin County Environmental Health Department and was determined to be uninhabitable.

    c. In that letter the County informed Dr. Sheikh, *"You are the owner of a mobile home"*.

3. The damage to the cottage was disturbing as Dr. Sheikh had renovated that cottage during her Residency training. Out of 20 or so doctor's cottages at the County Hospital, Dr. Sheikh's cottage was in remarkably good condition. On or around April 28, 2014, Mr. Sheikh wrote an email note to the County Counsel and requested to preserve the evidence so that the **damage** to the property can be assessed. Mr. Sheikh also wrote the County Counsel to mutually discuss the issue[4].

4. On or around May 5, 2014 the County sent another demand letter to Mr. Sheikh.

5. On or around May 27, 2014 the Petitioners initiated this Petition for Judgment of Abandonment in the County of San Joaquin Superior Court. County of San Joaquin's Petition in the County Court is based on the **assumption** *that the County of San Joaquin does not have the possession of the property* even though County took possession of that property in May 2010.

    a. County's disguised Petition in the County Court only serves to conceal County's possession, and damage to Dr. Sheikh's property.

---

[4] A few years ago, Dr. Sheikh had retained services of a law firm to represent her but the County of San Joaquin retained services of that law firm for the San Joaquin General Hospital.

6. Respondent, Dr. Sheikh timely removed this petition to the United States District Court, Eastern District of California in Sacramento (District Court Case NO: 2:14 – CV – 1509 MCE AC PS). The Case was assigned to Chief Judge hon. Morris England.

7. In that Case, the Court improperly declined jurisdiction **ERISA** preemption **without analyzing whether the case for Removal 'relates to'** the ERISA; an important rule established by the United States Court (Rehan Sheikh v Cisco System Inc). In Re *Cisco*, even there were no ERISA benefits, yet the Court found that the state law claims relates to administration of ERISA. In this case, the County admitted before the Court San Joaquin County that the it had improperly denied ERISA at case. The Judge abused his discretion by not considering arguments favorable to plaintiff. Further, Plaintiff submitted arguments before the Judge seeking an injunction that County pay plaintiff ERISA benefits. The Judge abused his discretion by not ruling.

8. In that removal, Plaintiff submitted pleadings asking the Judge to exercise **Personal Jurisdiction**. Previously United States Jduges have exercised personal jurisdiction over matter even outside the United States. In *Bauman v. Daimler Chrysler Corp.*, 644 F.3d 909 (2011), the federal Court in California exercised Personal Jurisdiction over a matter in Argentine. Judge Hon. England did not decline personal jurisdiction but the Judge abused his discretion by not exercising Jurisdiction.

9. United States claims that a home is a man's castle and it has consistently granted protection to people's homes. Now County hospital improperly deprived Dr. Sheikh of her home without any Judicial process and United states should grant same protection to her home.

10. In his brief order to arbitrary remand the case to the state Court, Judge Morris England did not even mention the keyword "Cottage", "Due Process" or "Jurisdiction" depriving plaintiff of her Right to a Judicial opinion and wisdom of the Court. Lack of Judicial opinion is troubling and it creates the impression that the Judge lacks mental acumen or capacity to perform the Judicial function.

11. The defendants again initiated this action in the State Court. Defendants filed a Motion and Plaintiff received that Motion on or around Aug 6, 2015. Dr Sheikh already filed a complaint Due Process violation complaint and San Joaquin County Court is a party to this action. Plaintiff's complaint on the County Court enumerates the Court bias or its defective procedures. The Magistrate Judge Allison Claire dismissed state court bias for lack of evidence but she improperly deprived Dr. Sheikh of an evidentiary hearing where plaintiff could present such evidence.

12. Dr. Sheikh hereby asks this court to exercise its Civil Rights Jurisdiction. California Department of Justice and San Joaquin County, directly and indirectly via local and state agencies, have continued a campaign of **adverse actions** and/or **Retaliation** against plaintiff's family since plaintiff and her husband filed Civil Rights Complaint(s) on Cisco Systems and California Medical Board. Plaintiff is entitled to jurisdictional discovery.

## I. CIVIL RIGHTS JURISDICTION

13. Section 1983 provides:

> *Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be*

*subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....*

14. This Act, presently codified at 42 U.S.C. § 1983, provides for a broad and comprehensive civil rights jurisdiction, and was intended "to ensure that individuals whose federal constitutional or statutory rights are abridged may recover damages or secure injunctive relief."

15. Plaintiff was improperly deprived of her home by armed men working under color of state law without any of Judicial process. The United States enforces policies to ensure that sanctity of one's home is preserved at all times. Plaintiff asks the United States to exercise Jurisdiction and grant same protection to plaintiff's home.

### A. Plaintiff's Lawsuit enumerates defective proceedings at San Joaquin County Court improperly depriving plaintiff of her home

16. This lawsuit enumerates some of the defective proceedings at San Joaquin County Court that deprived plaintiff of their property without any Judicial process. Plaintiff was deprived of her fully paid home without any hearing and without any judicial opinion, after an eviction order stamped by a clerk. San Joaquin County Judges are not trained and do not understand Constitutional Rights e.g. as affirmed by Equal Protection Clause and Due Process Clause(s).

### B. San Joaquin County filed the initial Writ of Eviction proceedings in Retaliation and Second Writ to 'cover up' damage to the home

17. Defendants evicted plaintiff in 2010 and took possession of the home in retaliation of Civil Rights complaint(s). Defendants trespassed; San Joaquin County environmental agency entered

the premises without plaintiff's permission. County damaged the home. When Mr. Sheikh asked them to preserve evidence of damage, defendants initiated this action in County Court.

### C. California Department of Justice and San Joaquin County have taken Adverse Actions against Plaintiff's Family since Civil Rights Complaints

18. Numerous County and state agencies has taken adverse actions against plaintiff and her family since the above referenced Civil Rights Complaints. The United States Judges have considered timing of these events to determine Retaliation.

19. Numerous agencies include, but not limited to, California Medical Board, Department of Motor Vehicles, California Tax Board, United States Tax Service IRS, County Social Service, Social Security Administration, Police in numerous cities and many branches of California department of justice; are improperly denying money or services or engaged in excessive abuse of power.

### D. Plaintiff has Right to a hearing before an Article III Judge

20. This matter is appropriately set before an Article III Judge. The issues presented in this Petition involve Dr. Sheikh's Constitutional and Civil Rights.

## II. PERSONAL JURISDICTION

21. County Hospital's pleas to remand the matter to the Court of its choice; San Joaquin County Superior Court and **to deprive Dr. Sheikh of her Right to the federal forum.** Exercising personal Jurisdiction will not result in any sense of unfairness and the County Hospital will have a fair opportunity to litigate the matter. The District Court can exercise personal jurisdiction over the County Hospital without any injury to the County Hospital. The essence of

substantive due process is that it must not be *fundamentally unfair* for the court to exercise personal jurisdiction over the County Hospital. This Court has personal Jurisdiction and Ms. Sheikh urges the Court to apply the Ninth Circuit's personal jurisdiction analysis set forth in *Myers v. Bennett Law Offices,* 238 F.3d 1068 (9th Cir.2001).

22. In determining whether exercise of specific personal jurisdiction is reasonable, court considers seven factors: (1) the extent of defendant's purposeful interjection into the forum state's affairs; (2) the burden on defendant of defending in the forum; (3) the extent of conflict with the sovereignty of defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. Menken v Emm 503 F.3d 1050 (9th Cir. 2007)

> *An analysis of the above referenced factors will overwhelming convince the Court to exercise its Jurisdiction on this complaint and dismiss County Hospital's Motion to Remand.*

### III.   ERISA PREEMPTION AND ARTFUL PLEADING

23. This action is also removable to the Federal Court pursuant to 28 U.S.C. §§ 1331 and 1441. In the Petition, the County claims that "Petitioner has been damaged in the amount of $15,255". The County of San Joaquin (Petitioner) has improperly withheld Dr. Sheikh's Flexible Spending Account (FSA) and ERISA benefits amounting more than $2000 since 2008 (Exhibit - Benefits Check).

   a. At the hearing before the district Court, the County admitted that it owes ERISA benefits. The County of San Joaquin would use those ERISA benefits to offset any

judgment that the County seeks from this Petition. Accordingly this Petition is for wrongful denial of ERISA benefits and involves administration of ERISA.

b. This petition is also removable to the Court, pursuant to the complete preemption doctrine without regard to the well-pleaded complaint rule. Metropolitan Life Ins. Co. V. Taylor, 481 U.S. 58 (1987).

## A. ERISA Preemption requires Removal to the federal Court

24. This action is also removable to the Federal Court pursuant to 28 U.S.C. §§ 1331 and 1441. This petition is also removable to the Court, pursuant to the complete preemption doctrine without regard to the well-pleaded complaint rule. Metropolitan Life Ins. Co. V. Taylor, 481 U.S. 58 (1987). Petitioners continue to withhold Petitioner ERISA benefits.

## B. Artful Pleading Doctrine Mandates the Court to Examine Entire Record

25. In order to determine whether petitioners are engaging in **artful pleading**, the court is permitted to examine the entire record. *Tortola Restaurants v. Kimberly- Clark Corp.*, 987 F. Supp. 1186, 1188 (N.D. Cal. 1997) (Illston, J.).

26. A plaintiff cannot avoid federal jurisdiction by "artfully" pleading his or her complaint to conceal the true nature of an action that actually asserts a federal claim under ERISA. Clorox Company v. U.S. U.S. District Court for Northern District of California. "The artful pleading' doctrine allows the removing court to look to the true nature of the plaintiff's complaint when the plaintiff attempted to avoid a federal cause of action by relying solely on state law in the complaint." Lyster v. First Nationwide ank Financial Corp., 829 F.Supp. 1163, 1167 (N.D. Cal. 1993) (citing Garibaldi v Lucky Food Stores, Inc., 726 F2.d 1367 (9th Cir. 1984).

### C. ERISA Section 514(a) Preempts State Law Claims Seeking Damages

27. Section 514(a) of ERISA, 29 U.S.C. §1144(A) the ERISA statue on state law. It provides that "this chapter [ERISA] shall supersede any and all stat laws insofar as they may no or hereafter relate to any employment benefit plan." A state law "relates to" a benefit plan if it has "a connection with or reference to" the plan, Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724 (1985). The County Hospital's claim seeking damages relate to plaintiff's ERISA benefits that the County Hospital has wrongfully denied. For all the above, this action mandates that this Court to exercise its jurisdiction on ERISA benefits and also exercise supplementary jurisdiction on state law claims if there are any.

## IV. SUMMARY OF JURISDICTION

28. United States Judges have personal Jurisdiction over the parties.

29. Plaintiff is entitled to a hearing before an Article III Judge.

30. This Court has original Jurisdiction of ERISA sections under 29 U.S.C. § 1132(E). Removal jurisdiction exists pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1443.

31. This Court has Civil Rights Jurisdiction. The case presents federal question arising under 42. U.S.C. § 1983; The Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

32. Venue is proper in this Court as defendants maintain offices within Jurisdiction of this Court. Pursuant to 28 U.S.C. § 1446(a) this action is properly assigned to the Sacramento Division.

**Plaintiff is entitled to Jurisdictional Discovery**

33. Plaintiff is entitled to Jurisdictional Discovery to demonstrate Jurisdiction of this Court.

### Plaintiff Declines Jurisdiction of Magistrate Judge

34. Plaintiff hereby exercises her Right & declines jurisdiction of Magistrate Judge.

### V. Motion for e-Filing Access

35. Plaintiff hereby asks the United States Court to issue an order enabling plaintiff to electronically file documents with the Court.

### VI.   PRAYER

36. Plaintiff hereby asks the United States Court to exercises its jurisdiction for further proceedings.

37. Plaintiff hereby asks the United States to issue an immediate order mandating defendants to release ERISA benefits that they have withheld since around 2008.

Respectfully Submitted;

*[signature]*

Date:   August 21, 2015             Farzana Sheikh, M. D.

# LIVING QUARTERS ON HOSPITAL GROUNDS
## JULY 1, 2003 – JUNE 30, 2010

| COTTAGE | 2004-05 | 2005-06 | 2006-07 | 2007-08 | 2008-09 | 2009-10 | 2010-11 |
|---|---|---|---|---|---|---|---|
| #1 | VILLASENOR | KEENAN | CHENG (No Deposit) | | | | |
| #2 | LY | LE (Paid Deposit) | LE | LE | LE | LE | |
| #3 | NASIR | SCHOCH (No Deposit Paid) | SCHOCH | SCHOCH | SCHOCH | | |
| #4 | PHAMLE | PHAMLE | GREWAL, L. (No Deposit) | GREWAL | | | |
| #5 | BONDOC | BONDOC | KO | Jammalamakaka | Jammalamakaka | | |
| #6 | GUPHIKONDA | HLAING | WARDAK (Paid Deposit) | WARDAK | WARDAK | | |
| #7 | VATANPARAST | VATANPARAST | REYES/ TAFRESHIAN (No Deposit) | TAFRESHIAN | TAFRESHIAN | | |
| #8 | JUNG | MAJOR REPAIRS | IBRAHAM | | | | |
| #9 | BAGHA | BAGHA & NASIR | TRAN (Paid Deposit) | | | | |
| #10 | TRAN, H | ZIELKIEWICZ (Paid Deposit) | ZIELKIEWICZ | SINGH, S. | SINGH, S. | | |
| #11 | CHENG | CHENG | SOLIS/ PHAM - (Paid Deposit) | (4TH YEAR SURGERY RESIDENTS) | | | |
| #12 | VEMULA | DUFFIELD (Refunded) | WAH (Paid Deposit) | WAH | WAH | | |
| #14 | BARBOSA | VELAGAPUDI (Paid Deposit) | VELAGAPUDI | VELAGAPUDI | | | |
| TRIPLEX EAST | LE/ YOUNG | GUPHIKONDA | KHINE (Paid Deposit) | KHINE | KHINE | | |
| TRIPLEX CENTER | MEHROK | PELLAKURU | PELLAKURU | TIWARI | TIWARI | | |
| TRIPLEX WEST | VENIGALLA | VENIGALLA | VENIGALLA | | | | |
| **MOBILE HOME PADS** | | | | | | | |
| #1 | TSUDA | BASI | BASI | BASI | | | |
| #2 | NOOREEN | NOOREEN | NOOREEN | | | | |
| #3 | ROTARY | ROTARY | ROTARY | ROTARY | ROTARY | ROTARY | ROTARY |
| #4 | | VACANT LOT | | | | | |
| #5 | | VACANT LOT | | | | | |
| #6 | | VACANT LOT | | | | | |
| #7 | | SANDHU, G. | SANDHU, G. | SANDHU, G. | | | |
| #8 | COMBITIS | TO BE MOVED | TO BE MOVED | | | | |
| #9 | PELLAKURU | FOR SALE | TO BE MOVED | | | | |
| #10 | VACANT LOT | VACANT LOT | | | | | |
| #11 | | VACANT LOT | | | | | |
| #12 | | VACANT LOT | | | | | |
| #14 | | VACANT LOT | | | | | |
| #15 | SYAL | SANDHU, J. | SANDHU, J. | SANDHU, J. | | | |
| #16 | FOSTER | FOR SALE | T0 BE MOVED | | | | |
| #17 | VELPURI | SAXENA | AHMED | | | | |
| #18 | OUYANG | FOR SALE | SHEIKH | | | | |
| #19 | | VACANT LOT | | | | | |
| #20 | | VACANT LOT | | | | | |
| #21 | | VACANT LOT | | | | | |
| #22 | | VACANT LOT | | | | | |

**WAITING LIST**
Tony Anderson – 1 bedroom
Dr. J – 1 bedroom (Cottage #5 – 2007-2008)
Dr. Singh – 1 bedroom (Cottage #10 – 2007-2008)

= Rental Agreement Returned

9/26/2006

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>RICHARD M. FLORES, CSB #99281<br>OFFICE OF THE COUNTY COUNSEL<br>44 NORTH SAN JOAQUIN STREET, SUITE 679<br>STOCKTON, CALIFORNIA 95202<br>TELEPHONE NO.: (209) 468-2980    FAX NO.*(Optional):* (209) 468-0315<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* PETITIONER, SAN JOAQUIN GENERAL HOSPITAL | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN JOAQUIN COUNTY<br>STREET ADDRESS:    222 EAST WEBER AVENUE<br>MAILING ADDRESS:  POST OFFICE BOX 201022<br>CITY AND ZIP CODE:  STOCKTON, CALIFORNIA  95202<br>BRANCH NAME:       STOCKTON BRANCH<br>PLAINTIFF/PETITIONER: SAN JOAQUIN GENERAL HOSPITAL<br>DEFENDANT/RESPONDENT: FARZANA SHEIKH | **RECEIVED**<br>AUG 0 6 2015 |
| **CASE MANAGEMENT STATEMENT**<br>*(Check one):*  ☐ UNLIMITED CASE       ☒ LIMITED CASE<br>(Amount demanded           (Amount demanded is $25,000<br>exceeds $25,000)             or less) | CASE NUMBER:<br>39-2014-00311575-CL-PT-STK |
| A CASE MANAGEMENT CONFERENCE is scheduled as follows:<br>Date: AUGUST 24, 2015     Time:  8:45 A.M.    Dept.: 42     Div.:       Room:<br>Address of court *(if different from the address above):*<br><br>☐ Notice of Intent to Appear by Telephone, by *(name):* | |

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☒ This statement is submitted by party *(name):*  SAN JOAQUIN GENERAL HOSPITAL
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*  MAY 27, 2014
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in   ☒ complaint   ☐ cross-complaint   *(Describe, including causes of action):*
      PETITION FOR JUDGMENT OF ABANDONMENT

Page 1 of 5

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]  *Martin Dean's* ESSENTIAL FORMS™ | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720-3.730<br>www.courts.ca.gov |

SJGH v. FARZANA SHEIK

| PLAINTIFF/PETITIONER: SAN JOAQUIN GENERAL HOSPITAL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: FARZANA SHEIKH | 39-2014-00311575-CL-PT-STK |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Petitioner is owner and manager of a mobile home park at the hospital campus located in French Camp. The Respondent is the owner of a mobile home in the park. Respondent has failed to pay rent or to sell the mobile home to a qualified third party as required by agreement. The mobile home has now been deemed uninhabitable. Petitioner is requesting the Court deem the mobile home abandoned and other relief as necessary.
☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
   October 1 through October 23, 2015 (vacation)

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☒ hours (short causes) *(specify):* 2 hours or less

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   f. Fax number:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. **Referral to judicial arbitration or civil action mediation** (if available).
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under of Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER: SAN JOAQUIN GENERAL HOSPITAL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: FARZANA SHEIKH | 39-2014-00311575-CL-PT-STK |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

| PLAINTIFF/PETITIONER: SAN JOAQUIN GENERAL HOSPITAL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: FARZANA SHEIKH | 39-2014-00311575-CL-PT-STK |

11. **Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

12. **Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
    ☐ Bankruptcy  ☐ Other *(specify)*:
    Status:

13. **Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 13a.
    b. ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by *(name party)*:

14. **Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

15. **Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

16. **Discovery**
    a. ☒ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

    | Party | Description | Date |
    |---|---|---|
    |  |  |  |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

CM-110

| PLAINTIFF/PETITIONER: SAN JOAQUIN GENERAL HOSPITAL | CASE NUMBER: 39-2014-00311575-CL-PT-STK |
|---|---|
| DEFENDANT/RESPONDENT: FARZANA SHEIKH | |

17. **Economic litigation**
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
    ☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):* Re-calendaring of Petition hearing on Petition for Judgment of Abandonment.

19. **Meet and confer**
    a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):* Petitioner left messages for Respondent at 209-475-1263 on July 23 and July 24, 2015. Petitioner also left e-mail messages at rehansheikh@yahoo.com on July 23 and 24. No substantive response was received.
    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: AUGUST 4, 2015

RICHARD M. FLORES, ESQ.   ▶ _____
(TYPE OR PRINT NAME)              (SIGNATURE OF PARTY OR ATTORNEY)

                                 ▶ _____
(TYPE OR PRINT NAME)              (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE NAME:** *SAN JOAQUIN GENERAL HOSPITAL v. FARZANA SHEIKH*
**CASE NUMBER:** 39-2014-00311575-CL-PT-STK

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF SAN JOAQUIN   )

**I, THE UNDERSIGNED, SAY:**

I am, and was at all times herein mentioned, a citizen of the United States and employed in the County of San Joaquin, State of California, over the age of eighteen (18) years, and not a party to the within action; that my business address is 44 N. San Joaquin Street, Suite 679, Stockton, California, 95202. I am readily familiar with the office's practice of collecting and processing correspondence for mailing with the U.S. Postal Service and, after collection, it is deposited with the U.S. Postal Service on the same day in the ordinary course of business, with postage fully prepaid.

On August 4, 2015, at the Office of the County Counsel, County of San Joaquin, I enclosed a true copy of the attached:

**CASE MANAGEMENT STATEMENT**

in an envelope for the person named below, addressed as set forth immediately below the respective name as follows:

NAME AND ADDRESS

FARZANA SHEIKH
1219 WEST EL MONTE STREET
STOCKTON, CA 95207

Said envelope was sealed and placed for collection and mailing on the aforesaid date following ordinary business practices.

**I DECLARE UNDER PENALTY OF PERJURY** that the foregoing is true and correct. **EXECUTED** at Stockton, California, on August 4, 2015.

*JILL M. SCHROEDER*

Proof of Service By Mail

 **Goofy For Healthcare   Physicians for Fairness**
November 12, 2014 ·

San Joaquin County refuses to issue Medi-Cal Health Insurance Cards to doctor's family to take advantage in the lawsuit
===================

Sheikh family applied for ObamaCare via Covered California. The pre-approved application was referred to San Joaquin County Medi-Cal office. County Medi-Cal 'somehow knew' that Dr. Sheikh had a Mobile Home and inquired several questions on the Mobile home. i.e. Documentation on the Mobile home, who owns the Mobilehome and who is living .

Remember County has already filed a second lawsuit on Dr. Sheikh regarding her Mobile Home.Some of the questions in the lawsuits are who owns the Mobile home, who lives there. Dr. Sheikh removed the lawsuit before the Federal Judge ( Eastern District of California). For some unexplained reason, San Joaquin County insists the lawsuit to be heard in the County Court.

http://physicianforfairness.blogspot.com/.../county-hospital-...

San Joaquin County refuses to issue Medi-Cal health insurance cards.... until County can get advantage in the lawsuit.

Goofy for HealthCare tweeted ...
https://twitter.com/GoofyBarksFor/status/531898927755563008
https://twitter.com/GoofyBarksFor/status/531886628294635521

Please Join Goofy in saying "Enough is Enough"
Goofy For HealthCare
Action Report #35

Goofy's Notes:

- Updates on Mobile Home lawsuit Pending
- California Medi-Cal is among several independent agencies of state of California
- Dr. Sheikh does not have a Physicians license - County Hospital and Medical Board shared some info
- Mr. Sheikh does not have a Driving License - County Court and DMV shared some info

Mailing List
Medical Medieval Board of California
Office of State Attorney General
County of San Joaquin,
City of Stockton California

Additional Recipients_____
San Joaquin Gener    Chat (1)
The State Bar of California (Board of Trustees) Ex Trustees
California Assembly Committee on Business & Professions
California Senate Committee on Business & Professions
Other Friends and Well Wishers

#SanJoaquinCounty #HealthCare #Healthcareinnovation #California #JerryBrown #MedEd #saveAdoctor

| Like | Comment | Share |

 Write a comment...