UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARZANA SHEIKH, M.D., | No.  2:15-cv-1773 TLN AC PS (TEMP) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| HON. LESLIE D. HOLLAND, Presiding Judge San Joaquin County Court, et al., | |
| Defendants. | |

Plaintiff Farzana Sheikh is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Plaintiff's in forma pauperis application, however, is incomplete.  In this regard, when asked to provide the amount of plaintiff's take-home salary or wages and corresponding pay period, plaintiff simply responded by writing "$20,000-$24,000."  ECF No. 2 at 1.  It is unclear how frequently plaintiff receives the amount stated as take-home salary or wages.

Moreover, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th

1

1  Cir. 1998) (quoting <u>Tripati v. First Nat. Bank & Trust</u>, 821 F.2d 1368, 1370 (9th Cir. 1987)). <u>See</u>
2  <u>also</u> <u>Smart v. Heinze</u>, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to
3  examine any application for leave to proceed in forma pauperis to determine whether the
4  proposed proceeding has merit and if it appears that the proceeding is without merit, the court is
5  bound to deny a motion seeking leave to proceed in forma pauperis.").

6  Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of
7  poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to
8  state a claim on which relief may be granted, or seeks monetary relief against an immune
9  defendant. <u>See</u> 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an
10 arguable basis in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v.</u>
11 <u>Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a
12 complaint as frivolous where it is based on an indisputably meritless legal theory or where the
13 factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327; 28 U.S.C. § 1915(e).

14 To state a claim on which relief may be granted, the plaintiff must allege "enough facts to
15 state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,
16 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as
17 true the material allegations in the complaint and construes the allegations in the light most
18 favorable to the plaintiff. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Hosp. Bldg. Co. v.</u>
19 <u>Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976); <u>Love v. United States</u>, 915 F.2d 1242, 1245
20 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by
21 lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, the court need not accept as true
22 conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. <u>Western</u>
23 <u>Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

24 The minimum requirements for a civil complaint in federal court are as follows:

25 > A pleading which sets forth a claim for relief . . . shall contain (1) a
> short and plain statement of the grounds upon which the court's
26 > jurisdiction depends . . . , (2) a short and plain statement of the
> claim showing that the pleader is entitled to relief, and (3) a demand
27 > for judgment for the relief the pleader seeks.

28 FED. R. CIV. P. 8(a).

Here, plaintiff's complaint names as defendants the Honorable Leslie D. Holland, presiding judge of the San Joaquin County Court, the Honorable Thomas Harrington, judge of the San Joaquin County Court and Rosa Junqueiro, commissioner/executive officer of the San Joaquin County Court. ECF No. 1 at 1. The complaint alleges that these defendants "improperly issued an Eviction order/Writ of Execution evicting [plaintiff] from her" mobile home located on the premises of the San Joaquin County General Hospital. ECF No. 1 at 2. In this regard, the complaint states that this action concerns "Two San Joaquin County Court Cases," identified as San Joaquin County Case Numbers 39-2009-0022-30338-CU-WM-STK and 39-2010-00236762-C-UD-TRA. Id.

Under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d at 1164). See also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in

1  'which a party losing in state court' seeks 'what in substance would be appellate review of the

2  state judgment in a United States district court, based on the losing party's claim that the state

3  judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S.

4  997, 1005-06 (1994), cert. denied 547 U .S. 1111 (2006)).  "Thus, even if a plaintiff seeks relief

5  from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also

6  alleges a legal error by the state court."  Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal.  As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

11  Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158).  See also Exxon, 544 U.S. at 286 n. 1 ("a

12  district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the

13  state court had not passed directly on those claims, when the constitutional attack [is]

14  'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n.

15  16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the

16  federal court action are 'inextricably intertwined' with the state court's decision such that the

17  adjudication of the federal claims would undercut the state ruling or require the district court to

18  interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16,

19  485).

20  Here, the Rooker-Feldman doctrine precludes this federal district from hearing plaintiff's

21  federal action.  Accordingly, plaintiff's complaint should be dismissed.

## LEAVE TO AMEND

23  The undersigned has carefully considered whether plaintiff may amend his pleading to

24  state a claim over which the court would have subject matter jurisdiction.  "Valid reasons for

25  denying leave to amend include undue delay, bad faith, prejudice, and futility."  California

26  Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also

27  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)

28  (holding that while leave to amend shall be freely given, the court does not have to allow futile

amendments).  In light of the deficiencies noted above and the nature of plaintiff's allegations, the undersigned finds that it would be futile to grant plaintiff leave to amend in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's August 21, 2015 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's August 21, 2015 complaint (ECF No. 1) be dismissed without leave to amend; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 28, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5